IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CECIL L. MUHAMMAD-EL, | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 12-2403 |
| UNITED STATES OF AMERICA, | : | |
| *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

RUFE, J.                                                              DECEMBER 13, 2012

Plaintiff Cecil Muhammad-El is a former inmate at the Rivers Correctional Facility in

Winton, North Carolina.  On November 17, 2011, Plaintiff filed the Complaint against the

United States of America and former Director of the Federal Bureau of Prisons, Harley G.

Lappin, in the Philadelphia Court of Common Pleas.  The Complaint was sent to the Federal

Bureau of Prisons on March 26, 2012, but Defendants were never properly served.  On May 3,

2012, Defendants removed the action to this Court, and thereafter, filed a motion to dismiss,

which is now before the Court.  Plaintiff has not filed a response.[1]

The Complaint is vague almost to the point of being unintelligible.  However, the

Complaint is titled "Writ of Mandamus, Writ of Error, or in the alternative PROHIBITION,

NUNC PRO TUNC, Under 42 U.S.C.A. 1983," and the Court finds the Complaint may be

interpreted as a writ of mandamus challenging the validity of his incarceration, as did the District

Court for the District of Columbia who interpreted a complaint filed by Plaintiff that was

identical to the Complaint filed in this case.[2]  The District Court for the District of Columbia

---

[1] Although Local Rule 7.1(c) states that a court may grant a motion as uncontested in the absence of a timely response, the Court considers the merits of the Motion nevertheless, and finds that the Motion should be granted on its merits.

[2] See Civ. A. No. 11-1909, Doc. No. 1 (Ex. B to Defs.' Mot. to Dismiss).

dismissed the complaint for failure to state a claim, finding that to the extent Plaintiff challenged

the sentence and conviction imposed by the Superior Court of the District of Columbia, such an

action was not properly brought in a federal district court in the first instance, but should have

been filed in the Superior Court.  Further, the court found that insofar as plaintiff sought relief

pursuant to 42 U.S.C. § 1983, his claims failed because under Heck v. Humphrey,[3] Plaintiff must

allege that the underlying conviction or sentence has been invalidated.[4]  Given that the

complaints in both cases are identical (thus, they involve the same cause of action and the same

parties) and given that the previous case was subject to a final adjudication on the merits, the

prior action works as *res judicata* in the present action.[5]

Additionally, the Complaint in this case must be dismissed for improper venue.  Venue is

proper in "(1) a judicial district in which any defendant resides, if all defendants are residents of

the State in which the district is located; (2) a judicial district in which a substantial part of the

events or omissions giving rise to the claim occurred, or a substantial part of property that is the

subject of the action is situated; or (3) if there is no district in which an action may otherwise be

brought as provided in this section, any judicial district in which any defendant is subject to the

court's personal jurisdiction with respect to such action."[6]  "A civil action [such as this one] in

which a defendant is an officer or employee of the United States or any agency thereof acting in

his official capacity or under color of legal authority, or an agency of the United States, or the

United States, may, except as otherwise provided by law, be brought in any judicial district in

---

[3]  512 U.S. 477 (1994).

[4]  Civ. A. No. 11-1909, Doc. No. 3; see also Muhammed-El v. United States, No. 11-1909, 2011 WL 5241607, at *1 (D.D.C. Nov. 1, 2011).

[5]  See Sheridan v. NGK Metals Corp., 609 F.3d 239, 260 (3d Cir. 2010).

[6]  28 U.S.C. § 1391(b).

which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action."[7]   Here, there is nothing in the Complaint or Plaintiff's prison files that suggests Plaintiff has any connection to the Eastern District of Pennsylvania.  Plaintiff was convicted and sentenced in the District of Columbia, was incarcerated in North Carolina, and indicated that he intended to reside in Maryland, where he lived prior to being incarcerated, upon release from incarceration.  There is nothing in the Complaint to suggest Defendant Lappin resides in this District, and is simply no mention of the Eastern District of Pennsylvania or the state of Pennsylvania that suggests that venue is proper in this District.  Accordingly, the Complaint will be dismissed for the additional reason that venue is improper.[8]

For all these reasons, the Complaint will be dismissed.  An appropriate Order follows.

---

[7]  28 U.S.C. § 1391(e)(1).

[8]  Because the Complaint is so vague as to fail to put Defendants on notice of the nature of the claims asserted against them (even when read in the light most favorable to Plaintiff, Liberty Lincoln-Mercury, Inc. v. Ford Motor, Co., 676 F.3d 318, 323 (3d Cir. 2012), and liberally construed, Higgs v. Att'y Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011)), transfer to another district court is not warranted in this case.